UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. RONNIE WHITE MOUNTAIN, Defendant. | 1:19-CR-10030-CBK MEMORANDUM OPINION AND ORDER |
| --- | --- |

Defendant filed a motion for a bill of particulars. Defendant is charged with aggravated sexual abuse of a child in violation of 18 U.S.C. § 2241(c), abusive sexual contact of a child in violation of 18 U.S.C. § 2244(a)(5), and aggravated incest in violation of SDCL 22-22A-3. The offenses are alleged to have occurred in McLaughlin, South Dakota, which is in Indian country. The date alleged as to each crime spans January 1, 2010, to December 31, 2012.

As to Count I, the indictment alleges that the defendant engaged in a sexual act. The indictment references 18 U.S.C. § 2246(2) which provides four different definitions of sexual act. As to Count II, the indictment alleges that the defendant engaged in sexual contact. The indictment references 18 U.S.C. § 2246(3) which provides only one definition of sexual contact (but which definition includes the touching of six different areas of the body). As to Count III, the indictment alleges that the defendant engaged in an act of sexual penetration in violation of South Dakota law. SDCL 22-22-2 defines sexual penetration as "an act, however slight, of sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the body or of any object into the genital or anal openings of another person's body."

> If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. *See* Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to

enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.

United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (*quoting* United States v. Hernandez, 299 F.3d 984, 989–90 (8th Cir. 2002)) (internal citations omitted). "A bill of particulars, however, is not a proper tool for discovery; it is not to be used to provide detailed disclosure of the government's evidence at trial." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (cleaned up).

"While prosecutors should be as specific as possible in delineating the dates and times of abuse offenses, fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements because of the inherent difficulties in investigating and prosecuting child abuse." United States v. Beasley, 688 F.3d 523, 533 (8th Cir. 2012) (cleaned up). The time frame in Beasley was nearly three years. The time frame alleged in this case is three years, all of 2010, 2011, and 2012. The alleged victim in this case would have been aged seven to ten years during the time frame alleged in the indictment. I have extensive trial experience with child sex abuse cases. It is difficult for children of that age to state with any particularity the date or dates upon which they suffered abuse. Instead, the child witnesses usually note where they were living or what grade or grades in school they attended when the abuse occurred. The time frame alleged in the indictment is constitutionally sufficient in this case.

As explained above, a bill of particulars is not a discovery device to be used by the defendant to gain further insight into the prosecution's case or testimony to be given by witnesses. Livingstone, 576 F.3d at 883. Furthermore, "no bill of particulars is required when the defendant has access to the necessary detail about the charges to prepare a defense, for example, in the form of open file discovery or some other satisfactory form." United States v. Johnson, 225 F. Supp. 2d 982, 994 (N.D. Iowa 2002) (citation and internal quotations omitted). The Defendant had access to information concerning the physical locations where the sexual acts are alleged to have occurred and specifics of the alleged acts themselves in discovery materials made available to him. As the

2

government stated in response to defendant's motion, defendant has been provided substantial discovery including over 27,000 pages of documents, over seven hours of video and audio recordings, and photographic evidence. Any information that might be contained in a bill of particulars in this case was already made available to the defendant via the discovery process.

Now, therefore,

IT IS ORDERED that the defendant's motion, Doc. 34, for a bill of particulars is denied.

DATED this 30th day of August, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge